**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SANTANDER HOLDINGS USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| FEDERAL INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff Santander Holdings USA, Inc. ("SHUSA") brings this action against Defendant Federal Insurance Company ("Chubb"), and in support thereof, states as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage action seeking a declaratory judgment and damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and the tort of bad faith arising from Chubb's wrongful denial of coverage under a Primary Directors and Officers and Entity Securities Liability Insurance Policy (the "Chubb Policy") for losses incurred in a consolidated class action brought in the Delaware Court of Chancery. *See The Liverpool Limited Partnership, et al. v. Santander Holdings USA, Inc., et al.*, C.A. No. 2022-0689 (Del. Ch. Aug. 15, 2022*)* and *Lycoming County Employees' Retirement System, et al. v. Santander Holdings USA, Inc., at al.*, C.A. No. 2022-0723 (Del. Ch. Aug. 25, 2022), consolidated and captioned as *In Re Santander Consumer USA Holdings Inc. Stockholder Litigation*, Case No. 2022-0689-LWW (the "Underlying Lawsuit").

## PARTIES

2. Plaintiff Santander Holdings USA, Inc. is a corporation incorporated under the laws of Virginia with its principal place of business in Boston, Massachusetts. SHUSA is a subsidiary of Banco Santander, S.A. ("BSSA"), a publicly traded global banking group based in Spain.

3. Defendant Federal Insurance Company is an insurance company organized under the laws of Indiana with its principal place of business in New Jersey. Federal Insurance Company is one of the Chubb Group of Insurance Companies under the ultimate control of Chubb Corporation, which is a publicly traded holding company for various subsidiary property and casualty insurance companies.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. This Court has personal jurisdiction over Chubb because Chubb is licensed to conduct business in Delaware and this dispute arises out of Chubb's breach of the Chubb Policy in connection with the Underlying Lawsuit, which is venued in Delaware and which arises out of alleged wrongful acts committed in Delaware.

6. Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred in Delaware in that the Underlying Lawsuit for which Chubb owes coverage is venued in Delaware.

## FACTUAL BACKGROUND

### The Underlying Lawsuit

7. The Underlying Lawsuit was brought in the Delaware Court of Chancery in August 2022 alleging that SHUSA's acquisition of the shares of Santander Consumer USA Holdings, Inc. ("SCUSA") that SHUSA did not already own was unfair to the minority shareholders of SCUSA in terms of both price and process. While SHUSA already owned over 80 percent of the outstanding shares of SCUSA, it made tender offers to acquire the remaining approximately 20 percent of the outstanding shares, resulting in a merger agreement in August 2021 and the completion of the acquisition on January 31, 2022.

8. On July 1, 2021, SHUSA made a proposal to acquire the SCUSA shares not already owned by SHUSA for $39 a share.

9. In response, SCUSA established a Special Committee to independently evaluate SHUSA's proposal.

10. SHUSA negotiated with SCUSA's Special Committee, ultimately culminating in a final proposal in which SHUSA would acquire the SCUSA shares not already owned by SHUSA for $41.50.

11. After securing a fairness opinion, SCUSA's Special Committee unanimously recommended that SCUSA's board of directors approve the transaction.

12. On August 23, 2021, SCUSA's board unanimously approved the transaction and executed a merger agreement, and the merger ultimately became effective on January 31, 2022.

13. Plaintiffs in the Underlying Lawsuit allege that SHUSA and BSSA (which they define as the Controller Defendants) "chose to use their control over [SCUSA] to usurp significant

value from" plaintiffs and "employed the coercive force of their control against the minority stockholders[.]"

14. Plaintiffs in the Underlying Lawsuit allege that SHUSA and BSSA, as the "Controller Defendants," are liable for breaching their fiduciary duties owed to plaintiffs and the class of minority shareholders and seek damages for those alleged breaches.

15. Plaintiffs in the Underlying Lawsuit alleged that SHUSA "had the right to nominate directors to [SCUSA's] Board equal to its percentage ownership of [SCUSA's] then outstanding shares" and that SHUSA "actively oversaw and controlled" the "employment, performance review, and compensation" of "dual fiduciary" individuals who serve as directors and officers for both SHUSA (or other affiliated entities) and SCUSA.

16. According to the plaintiffs in the Underlying Lawsuit, the "dual fiduciaries," simultaneously acted as SCUSA and SHUSA board members and/or representatives, and for that reason "were interested and lacked independence from [SHUSA] by virtue of . . . roles and connections" directly tied to SHUSA.

17. For instance, the plaintiffs in the Underlying Lawsuits alleged that the following individuals were not disinterested, and therefore biased, because they acted as dual fiduciaries:

    a.    **Juan Carlos Alvarez de Soto**: Nominated by SHUSA to SCUSA's board and a "dual fiduciary, simultaneously serving on [SCUSA's] Board and acting as [SHUSA's] CFO since September 2019.";

    b.    **Stephen A. Ferriss**: Nominated by SHUSA to SCUSA's board and "a dual fiduciary, simultaneously serving on [SCUSA's] Board and as a director of [SHUSA] (since 2012)."

    c.    **Edith E. Holiday**: Nominated by SHUSA to SCUSA's board and "a dual fiduciary, simultaneously serving on [SCUSA's] Board and [SHUSA's] board of directors since 2019."

    d.    **Javier Maldonado**: Nominated by SHUSA to SCUSA's board and "a dual fiduciary, serving on [SCUSA's] Board and as a [SHUSA] director since April 2015[.]"

    e.  **Mahesh Aditya**: Nominated by SHUSA to SCUSA's board and formerly SHUSA's Chief Risk Officer and SHUSA's COO.

### The Chubb Policy

18. The Chubb Policy is a Primary Directors & Officers and Entity Security Liability Insurance policy with a Policy Period of July 1, 2022 to July 1, 2023, bearing Policy Number J05946104. The Chubb Policy is attached as Exhibit A.

19. The Chubb Policy insures SHUSA as the "Parent Organization," as well as any "Organization" and "Insured Person."

20. An "Organization" includes SHUSA and any Subsidiary. The definition of "Subsidiary" includes both SHUSA and SCUSA, given that the Chubb Policy was issued after the effective date of the merger and, at that point, SCUSA was wholly owned by SHUSA.

21. An "Insured Person" includes a "duly elected or appointed director, officer, Manager . . . risk manager or the in-house general counsel of any Organization organized in the United States, including a holder of a position equivalent to any position described in the foregoing in a branch office of such Organization that is located in a Foreign Jurisdiction."

22. The Chubb Policy's Insuring Clauses provide three separate coverages, with Coverage B and Coverage C being relevant presently to the Underlying Lawsuit:

   A. [Chubb] shall pay, on behalf of an Insured Person, Loss on account of a Claim first made against an Insured Person during the Policy Period, except to the extent that such Loss has been paid or indemnified.

   B. [Chubb] shall pay, on behalf of an Organization, Loss on account of a Claim first made against an Insured Person during the Policy Period, to the extent the Organization pays or indemnifies such loss.

   C. [Chubb] shall pay, on behalf of an Organization, Loss on account of a Securities Claim first made against an Organization during the Policy Period.

23. "Loss" is defined in the Chubb Policy to include defense costs, compensatory damages, punitive damages, exemplary damages, or multiplied damages, civil fines and penalties assessed against an Insured Person, judgments, pre-judgment and post-judgment interest, settlements, and (via Endorsement 40) amounts attributable to violations of Sections 11, 12 or 15 of the Securities Act of 1933, as amended, to the extent such amount is insurable under the law pursuant to which the Chubb Policy is construed.

24. "Claim" is defined in the Chubb Policy to include a "written demand . . . for monetary or non-monetary relief, or for arbitration, mediation, or other equivalent alternative dispute resolution proceeding, against an Insured for a Wrongful Act, commenced by the first receipt of such demand by an Insured." A "Claim" also includes a "proceeding, including any appeal therefrom, against an Insured for a Wrongful Act, commenced by . . . the service of a civil complaint or similar pleading, or any foreign equivalent thereof," or "the service of a notice of charges or any foreign equivalent thereof[.]"

25. "Wrongful Act" is defined in the Chubb Policy to include any "error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by: (1) an Insured Person in his capacity as such or (2) for purposes of any coverage afforded under Insuring Clause (C), Entity Securities Coverage, by the Organization" and "any other matter claimed against an Insured Person solely by reason of serving in his capacity or status as such. . . ."

26. The Chubb Policy provides coverage up to a $10 million limit of liability, subject to a $5 million retention for claims made under Insuring Clauses B and C, including for a Merger Objection Claim.

27. In Endorsement 4, Merger Objection Claim is defined as "a Claim based upon, arising from, or in consequence of any proposed or actual merger, acquisition or consolidation to which an entity, including an Organization, is a potential or actual party." Endorsement 4 amends the definition of "Securities Claim" to include a Merger Objection Claim, thereby extending coverage to SHUSA for a Merger Objection Claim.

28. Chubb's sole asserted basis for its complete denial of coverage is Endorsement 15 to the Chubb Policy.

29. Section 1 of Endorsement 15 excludes Loss on account of any Claim made against SCUSA or any Insured Person thereof based upon, arising from, or in consequence of any Specific Matter as defined in Section 2 of Endorsement 15. Section 1 of Endorsement 15 states clearly: "Provided that, the foregoing exclusion shall only apply to Insured Persons of Santander Consumer USA Holdings, Inc. while acting or by reason of serving in his or her capacity as such."

30. By its explicit terms, Section 1 of Endorsement 15 applies _only_ to SCUSA and Insured Persons while acting or by reason of serving in his or her capacity of an Insured Person of SCUSA, not to SHUSA or Insured Persons while acting or by reason of serving in his or her capacity of an Insured Person of SHUSA.

31. Section 2 of Endorsement 15 defines the "Specific Matter" as the "transaction completed on January 31, 2022 pursuant to a definitive agreement dated August 23, 2021" between SHUSA and SCUSA.

32. Section 3 of Endorsement 15 amends the definition of Subsidiary to include SCUSA and sets a "pending or prior proceedings date" of January 31, 2022. Via this provision, the Chubb Policy excludes coverage for SCUSA for proceedings that were pending prior to January 31, 2022.

33. By its explicit terms, Section 3 of Endorsement 15 applies only to SCUSA.

34. Section 4 of Endorsement 15 states that "[s]olely with respect to any Subsidiary specified in paragraph (3) of this Endorsement [*i.e.*, SCUSA] or any Insured Person thereof, no coverage shall be available for Loss on account of any Claim based upon, arising from, or in consequence of any Claim first commenced against any Subsidiary or Insured Person thereof, prior to the Pending or Prior Proceedings Date set forth opposite such Subsidiary.

35. By its explicit terms, Section 4 of Endorsement 15 applies only to SCUSA and any Insured Person of SCUSA, not to SHUSA or Insured Persons while acting or by reason of serving in his or her capacity of an Insured Person of SHUSA.

36. Section 5 of Endorsement 15 states as follows:

> [Chubb] shall not be liable for Loss based upon, arising from, or in consequence of any fact circumstance or Wrongful Act committed, attempted, or allegedly committed, attempted, or allegedly committed or attempted by Santander Consumer USA Holdings, Inc. any subsidiary, or any Insured Persons thereof, in whole or in part prior to 8:00 a.m. on 1/31/2022 (local time at the address shown in Item 1. of the Declarations).

37. By its explicit terms, Section 5 of Endorsement 15 applies only to Loss based upon, arising from, or in consequence of Wrongful Acts committed *by SCUSA and any Insured Person of SCUSA*, not to Loss based upon, arising from, or in consequence of Wrongful Acts committed by SHUSA or Insured Persons while acting or by reason of serving in his or her capacity of an Insured Person of SHUSA.

38. SHUSA is not being sued vicariously for the acts of SCUSA or SCUSA Insured Persons. Rather, the Underlying Lawsuit alleges independent wrongful acts of SHUSA for which the plaintiffs seek to hold SHUSA liable.

39. SCUSA and Insured Persons thereof have a separate insurance program that covers their liability with respect to any Claim for a Wrongful Act committed in whole or in part prior to

January 31, 2022. That insurance program has accepted coverage for the dual-fiduciary defendants in their alleged capacities as directors and officers with SCUSA. That insurance program does not cover SHUSA. Rather, SHUSA's insurance program covers SHUSA, as well as its directors and officers, and Chubb is the primary carrier in that program.

40. Chubb should have accepted coverage in relation to the Underlying Lawsuit for SHUSA and Insured Persons of SHUSA (in their alleged capacities as directors and officers of SHUSA). Those individuals who are alleged to have acted in their capacities both as SHUSA officers and directors and as SCUSA officers and directors may have coverage under both the SCUSA insurance program and under the SHUSA insurance program. Chubb owes coverage for the share of Loss attributable to SHUSA and Insured Persons of SHUSA (in their alleged capacities as directors and officers of SHUSA).

41. Because some Loss incurred in relation to the Underlying Lawsuit is covered, and other Loss is uncovered, the Allocation provision of the Chubb Policy is relevant:

> The Insureds and the Company shall use their best efforts to determine an allocation between Loss that is covered and any amount that is not covered; in all instances, such determination shall be based on the relative legal and financial exposure of the covered parties to the covered matters.

42. SHUSA, BSSA, and the dual-fiduciary defendants are all being defended in the Underlying Lawsuit by common counsel at Wachtell, Lipton, Rosen & Katz and Ross Aronstam & Moritz, LLP. In breach of its obligations under the Chubb Policy, Chubb has refused to accept an allocated share of responsibility for those defense expenses. Presently, more than $5 million of defense expenses have been incurred in the defense of the Underlying Lawsuit by Wachtell, Lipton, Rosen & Katz and Ross Aronstam & Moritz, LLP.

**Chubb's Denial of Coverage**

43. SHUSA placed Chubb on notice of the Underlying Lawsuit and sought coverage from Chubb.

44. On December 2, 2022, Chubb acknowledged receipt of the Underlying Lawsuit under the Chubb Policy but denied all coverage, citing Endorsement 15 of the Chubb Policy.

45. On March 15, 2023, SHUSA responded to Chubb's claim denial, requesting that Chubb reconsider its coverage position.

46. Specifically, SHUSA reminded Chubb that: 1) "SHUSA is one of the Controller Defendants [in the Underlying Lawsuit] and is owed coverage;" 2) a "number of individual Insured Person defendants are identified in the [Underlying Lawsuit] as joint fiduciaries, owing duties both to [SCUSA] and [SHUSA];" and 3) "Coverage must be provided both to SHUSA itself and to the individual 'Insured Persons' defendants alleged to have committed 'Wrongful Acts' in their capacity as director or officer of SHUSA or SHUSA subsidiaries other than [SCUSA]."

47. SHUSA cautioned Chubb that it "erroneously ignored the dual capacity issue and focused only on individuals' roles on the Board of Directors of [SCUSA]." Accordingly, SHUSA requested that Chubb withdraw its coverage denial and acknowledge its coverage obligations to SHUSA and its officers and directors.

48. Chubb responded on July 7, 2023, reiterating its coverage denial and incorrectly asserting that the Underlying Lawsuit does not allege Wrongful Acts against any SHUSA directors and/or officers in their insured capacities. Chubb, however, stated the following: "[T]o the extent any Insured Person of SHUSA is named as a defendant in such Claim and Wrongful Acts are alleged against such SHUSA Insured Person/s in their capacity as an officer or director of SHUSA, then the [Chubb] Policy, subject to its terms, conditions and exclusions, may provide coverage for such SHUSA Insured Persons for Wrongful Acts alleged against them in their insured capacities."

49. SHUSA responded on August 8, 2023, again urging Chubb to reconsider its position because the Underlying Lawsuit made factual allegations of misconduct against SHUSA officers and directors precisely *because* they are SHUSA officers and directors. Moreover, Chubb clearly owed coverage to SHUSA as an entity.

50. After repeated efforts to obtain a response to that letter of August 8, 2023, Chubb finally sent correspondence on January 23, 2024, reiterating Chubb's position that there is no coverage at all for any individual defendants and that Chubb would "continue its investigation as to whether the allegations against SHUSA are entirely excluded" by Endorsement 15. Chubb agreed to "attend and participate" in the mediation of the Underlying Lawsuit on February 28, 2024.

51. SHUSA requested that Chubb attend with full authority to settle for its limits of liability, should such settlement appear reasonable at the mediation. That mediation was unsuccessful.

52. With regard to the "dual-fiduciary defendants," SHUSA has explained repeatedly that those individuals are covered to the extent that they were acting in their capacity as officers or directors of SHUSA. SHUSA explained that Chubb's position that the Underlying Lawsuit does not assert claims against any of the dual-fiduciary defendants in their capacities as directors or officers of SHUSA is factually incorrect. Moreover, it should be beyond question that Chubb owes entity coverage to SHUSA for the Underlying Lawsuit.

53. To the extent that individuals are sued in their capacity of and by reason of their service as officers and directors of SHUSA, they are covered by Chubb and the entire SHUSA insurance tower. To the extent those individuals are *also* sued in their capacity and by reason of their service for SCUSA, they are covered by SCUSA's separate insurance program. In other

words, if individuals are sued *both* in their capacity and by reason of their service as an officer or director of SCUSA *and* as an officer or director of SHUSA, it becomes a matter of allocation between the SCUSA insurance program and the SHUSA insurance program.

54. Endorsement 15 clearly does not exclude any liability of SHUSA as an entity for a breach of its fiduciary duty as a controlling stockholder of SCUSA. It would have been easy enough to exclude all coverage for loss relating to the "Specific Matter" (defined as it is in Section 2 of Endorsement 15), if that was intended, but that is not what Endorsement 15 does. Endorsement 15 specifically limits its application to SCUSA or "any Insured Person thereof" and then, to be make it doubly clear, limits its application to SCUSA Insured Persons only to the extent they are acting in that capacity, thereby making clear that even SCUSA Insured Persons have coverage in relation to the "Specific Matter" to the extent they are sued for their wrongful acts, in whole or in part, as directors or officers of SHUSA.

55. SHUSA has a reasonable expectation of coverage for the Underlying Lawsuit under the Chubb Policy, both for its own liability and for the indemnification of the liability of its directors and officers.

56. In sum, Endorsement 15 does not exclude coverage for SHUSA or its directors or officers. Notably, Endorsement 15 is the *only* basis for the denial of coverage asserted by Chubb, and as explained above, Endorsement 15 provides no reasonable basis for denying coverage to SHUSA or its officers and directors. Chubb must bear the burden to prove any exclusion to coverage, and Chubb has not met that burden.

## COUNT I
**Breach of Contract**

57. SHUSA re-alleges and incorporates all of the foregoing paragraphs of this Complaint as though fully set forth herein.

58. The Chubb Policy is a valid and enforceable contract between SHUSA and Chubb.

59. SHUSA has performed all obligations under the Chubb Policy, and any and all conditions precedent to coverage have been satisfied or waived.

60. The Chubb Policy provides coverage for Loss incurred by SHUSA and for SHUSA Insured Persons in connection with the Underlying Lawsuit, which constitutes a Claim for Wrongful Acts under the Chubb Policy.

61. In connection with the Underlying Lawsuit, SHUSA has incurred Loss in excess of the Chubb Policy's retention.

62. Pursuant to the terms and conditions of the Chubb Policy, Chubb is contractually obligated to pay for all Loss, including Defense Costs, for the Underlying Lawsuit up to the full limits of liability under the Chubb Policy.

63. By failing to pay all Loss allocable to SHUSA and SHUSA Insured Persons in connection with the Underlying Lawsuit, Chubb has materially breached the terms of the Chubb Policy, thereby damaging and continuing to damage SHUSA.

WHEREFORE, SHUSA respectfully requests that judgment be entered in its favor and against Chubb with respect to Count I, in an amount in excess of $75,000.00, as necessary to fully compensate SHUSA for each material breach of the Chubb Policy, including: (a) all Loss that SHUSA has incurred or will incur; (b) damages, fees and costs to the full extent permitted by law; (c) pre- and post-judgment interest and court costs to the full extent permitted by law; and (d) such other relief as this Court deems just, proper, and equitable.

## COUNT II
### Declaratory Judgment

64. SHUSA re-alleges and incorporates all of the foregoing paragraphs of this Complaint as though fully set forth herein.

65. SHUSA seeks a judicial determination pursuant to 28 U.S.C. §§ 2201, *et seq.*, of the respective rights and obligations of SHUSA and Chubb with respect to an actual and justiciable controversy concerning coverage under the Chubb Policy for the Loss incurred by SHUSA in connection with the Underlying Lawsuit.

66. Chubb has refused to acknowledge, failed to honor, or otherwise disputes its obligation under the Chubb Policy to provide coverage for Loss stemming from the Underlying Lawsuit and for any potential settlement or judgment that may ultimately be entered to resolve the Underlying Lawsuit.

67. It is necessary and proper for this Court to declare the rights of SHUSA and the obligations of Chubb under the Chubb Policy. Declaratory relief from this Court will resolve this actual and justiciable controversy regarding Chubb's obligations under the Chubb Policy to advance defend expenses and/or indemnify SHUSA for the Underlying Lawsuit.

68. WHEREFORE, SHUSA respectfully request that judgment be entered in its favor and against Chubb with respect to Count II and that, pursuant to 28 U.S.C. §§ 2201, *et seq.*, this Court issue the following declarations: (i) Chubb is obligated to advance Defense Costs for the the defense of the Underlying Lawsuit, up to the applicable limits of liability of the Chubb Policy; and (ii) Chubb is obligated to pay all Loss SHUSA incurs in connection with the Underlying Lawsuit (including any future settlement or judgment), up to the applicable limits of liability of the Chubb Policy.

## COUNT III
### Breach of the Implied Covenant of Good Faith and Fair Dealing

69. SHUSA re-alleges and incorporates all of the foregoing paragraphs of this Complaint as though fully set forth herein.

70. The Chubb Policy contains an implied covenant of good faith and fair dealing that prohibits Chubb from doing anything to injure the rights of SHUSA and prohibits Chubb from placing its own interests above those of SHUSA.

71. Chubb has an obligation to act in good faith toward SHUSA in responding to and investigating claims.

72. As set forth above, Chubb has placed its own interests ahead of SHUSA's interests to the detriment of SHUSA.

73. SHUSA's investigation of the claim was unreasonable, willful and wanton, and in reckless disregard of SHUSA's rights under the Chubb Policy and at law.

74. Chubb's refusal to honor its obligations under the Chubb Policy is frivolous and unfounded.

75. SHUSA has been, and continues to be, harmed as a result of Chubb's breach.

76. Chubb has breached its contractual duty of good faith and fair dealing by, among other things:

    a. Engaging in improper claims-handling tactics including but not limited to:

        i. Misrepresenting to SHUSA material facts and policy provisions relating to coverage at issue;

        ii. Unreasonably and without basis ignoring evidence provided by SHUSA supporting coverage;

        iii. Failing to properly investigate the claim; and

        iv. Failing to act with diligence and/or acting in a dilatory manner.

    b.    Failing and refusing to honor SHUSA's repeated demands for an acknowledgement of coverage and payment under the Chubb Policy without any adequate basis under the Chubb Policy or at law.

    c.    Failing to pay proceeds under the Chubb Policy that are due and owing.

    d.    Refusing to withdraw its coverage denial after SHUSA identified the many errors in fact and law underlying Chubb's erroneous coverage position.

    e.    Compelling SHUSA to institute litigation to recover amounts due under the Chubb Policy by denying coverage without substantial justification.

    f.    Refusing to use its best efforts to reach a reasonable allocation of Loss between covered and uncovered Loss.

77. Chubb engaged in the foregoing conduct in order to deprive SHUSA of insurance coverage to which SHUSA is entitled and to further the financial interests of Chubb.

78. Chubb engaged in the foregoing conduct with knowledge that forcing SHUSA to engage in coverage litigation posed significant risks to the defense and potential for settlement of the Underlying Lawsuit and of reputational injury to SHUSA.

WHEREFORE, SHUSA respectfully requests that judgment be entered in its favor and against Chubb with respect to Count III, in an amount in excess of $75,000.00, as necessary to fully compensate SHUSA for Chubb's bad faith conduct, including: (a) compensatory, direct and consequential damages in an amount to be determined at trial; (b) pre- and post-judgment interest and court costs to the full extent permitted by law; (c) attorneys' fees and costs; and (d) such other relief as this Court deems just, proper, and equitable.

### COUNT IV
### Tort of Bad Faith

79. SHUSA re-alleges and incorporates all of the foregoing paragraphs of this Complaint as though fully set forth herein.

80. Chubb has acted in bad faith towards SHUSA by, among other things:

      a.      Engaging in improper claims-handling tactics including but not limited to:

           i.      Misrepresenting to SHUSA material facts and policy provisions relating to coverage at issue;

           ii.      Unreasonably and without basis ignoring evidence provided by SHUSA supporting coverage;

           iii.      Failing to properly investigate the claim; and

           iv.      Failing to act with diligence and/or acting in a dilatory manner.

      b.      Failing and refusing to honor SHUSA's repeated demands for an acknowledgement of coverage and payment under the Chubb Policy without any adequate basis under the Chubb Policy or at law.

      c.      Failing to pay proceeds under the Chubb Policy that are due and owing.

      d.      Refusing to withdraw its coverage denial after SHUSA identified the many errors in fact and law underlying Chubb's erroneous coverage position.

      e.      Compelling SHUSA to institute litigation to recover amounts due under the Chubb Policy by denying coverage without substantial justification.

      f.      Refusing to use its best efforts to reach a reasonable allocation of Loss between covered and uncovered Loss.

81.     Chubb engaged in the foregoing conduct in order to deprive SHUSA of insurance coverage to which SHUSA is entitled and to further the financial interests of Chubb.

82.     Chubb engaged in the foregoing conduct with knowledge that forcing SHUSA to engage in coverage litigation posed significant risks to the defense and potential for settlement of the Underlying Lawsuit and of reputational injury to SHUSA.

83.     Chubb knew that its denial of coverage was without reasonable basis or recklessly disregarded its lack of a reasonable basis for refusing its obligation to pay benefits due under the Chubb Policy.

WHEREFORE, SHUSA respectfully requests that this Court enter judgment in its favor and against Chubb with respect to Count IV, in an amount in excess of $75,000.00, as necessary

to fully compensate SHUSA for Chubb's bad faith conduct, including: (a) damages sustained as a result of Chubb's bad faith conduct, including, without limitation, compensatory damages, consequential damages, and exemplary damages in an amount allowed by law; (b) punitive damages in an amount to be determined at trial; (c) attorneys' fees and costs; (d) pre- and post-judgment interest and court costs to the full extent permitted by law; and (e) such other relief as this Court deems just, proper, and equitable.

## JURY TRIAL DEMAND

SHUSA requests a trial by jury on all claims so triable.

Dated: March 5, 2024

OF COUNSEL:

REED SMITH LLP
Timothy P. Law
(*pro hac vice forthcoming*)
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
215-241-1262
tlaw@reedsmith.com

REED SMITH LLP
Courtney C.T. Horrigan
(*pro hac vice forthcoming*)
Jorge M. Rojas
(*pro hac vice forthcoming*)
225 Fifth Avenue
Pittsburgh, PA 15222
412-288-3131
chorrigan@reedsmith.com
jrojas@reedsmith.com

Respectfully submitted,

REED SMITH LLP

*/s/ Brian M. Rostocki*
Brian M. Rostocki (No. 4599)
Anne M. Steadman (No. 6221)
1201 Market Street, Suite 1500
Wilmington, DE 19801
302-778-7500
brostocki@reedsmith.com
asteadman@reedsmith.com